IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATIN MORTEZA,

Petitioner,

v. No. 1:26-cv-002279-KG-GJF

FNU LNU, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PETITION AND CONSOLIDATING CASES**

This matter is before the Court on Petitioner Matin Morteza's Amended Petition for a Writ of Habeas Corpus ("Petition"), Doc. 4, Emergency Motion for Temporary Restraining Order, Doc. 10, Motion for Ruling on Petition for Writ of Habeas Corpus, Doc. 12, Notice of Dismissal, Doc. 13, and Respondents' Motion to Consolidate Cases, Doc. 14.

As an initial matter, the Court denies Petitioner's Notice of Dismissal, Doc. 13, which the Court construes as a motion. On September 3, 2026, Petitioner filed a Notice of Dismissal requesting that the Court dismiss the Petition under Fed. R. Civ. P. 41(a)(1)(A)(i). *Id.* While Petitioner is correct that a plaintiff may dismiss an action through a notice of dismissal, a plaintiff may not dismiss their case by filing a notice of dismissal after the opposing party has answered. Fed. R. Civ. P. 41(a)(1)(A)(i). Here, the Government has responded to the Petition. Doc. 6. Accordingly, the Court construes Portioner's Notice of Dismissal, Doc. 13, as a motion to dismiss and concludes that Petitioner's motion is without merit.

The Court has also considered Respondents' Motion to Consolidate Cases filed on September 18, 2026. Doc. 14. The Court has reviewed the filings in *Morteza v. DHS-ICE et al.*, 1:26-cv-02932-KG-GBW and concludes that Petitioner's claims in that matter are nearly

identical to the questions of law and fact raised in this matter. Accordingly, the Court consolidates *Morteza v. DHS-ICE et al.*, 1:26-cv-02932-KG-GBW with this matter. Fed. R. Civ. P. 42(a)(2).

Finally, having reviewed the Petition, Doc. 4, and the Response, Doc. 6, the Court grants the Petition. The Court further denies as moot Petitioner's Emergency Motion for Temporary Restraining Order, Doc. 10 and Motion for Ruling on Petition for Writ of Habeas Corpus, Doc. 12.

## ***I. Background***

Petitioner is a citizen of Iran. Doc. 9 at 1. He was detained upon entry into the United States on February 8, 2025, in the Rio Grande Valley. Doc. 9-2 at 2. The Department of Homeland Security ("DHS") began expedited removal proceedings, but subsequently placed Petitioner "into Section 240 removal proceedings...." Doc. 9 at 2. On November 5, 2025, an immigration judge denied Petitioner's application for asylum and ordered him removed to Iran. Doc. 9-4. Petitioner appealed the order of removal to the Board of Immigration Appeals ("BIA"). Doc. 9-5. Petitioner has been in DHS custody for 19 months and is currently detained at the Torrance County Detention Facility in New Mexico. Doc. 4.

Petitioner requests release from unreasonable and indefinite detention in violation of the Fifth Amendment's Due Process Clause. *Id.* at 5. The Government opposes the motion, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and that his continued detention pending a final removal order is "both lawful and mandatory." Doc. 9 at 6.

## ***II. Standard of Review***

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S.

678, 687–88 (2001)). A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

***III. Analysis***

For the reasons below, the Court concludes that (1) Petitioner's detention is governed by § 1225(b); (2) his prolonged detention violates his due process rights; and (3) the appropriate remedy is a bond hearing.

***A. Petitioner is properly detained under § 1225(b).***

Section 1225(b) governs noncitizens "seeking admission" into the United States who are detained at a port of entry or shortly after entry. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) (noting that noncitizen is "seeking admission" when they are "seeking to enter the United States at the border"). Section 1225(b) "makes no mention of bond and instead mandates that noncitizens subject to its authority shall be detained." *Santillan Quiroz*, 180 F.4th at 1234 (internal quotation marks and citations omitted); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1238 (D.N.M. 2025) ("Noncitizens detained under § 1225 are not entitled to bond hearings."); *see also Cortez-Gonzales v. Noem*, 811 F. Supp.3d 1287, 1295 (D.N.M. 2025) ("A noncitizen detained under Section 1225(b)(2) may be released only if he is paroled for urgent humanitarian reasons or significant public benefit under 8 U.S.C. § 1182(d)(5)(A).") (internal quotations omitted). Here, Petitioner was detained immediately following entry into the United

States near the border in the Rio Grande Valley. Doc. 9-2 at 2. He is an arriving alien properly detained under § 1225(b).[1]

***B. Petitioner's prolonged detention violates due process.***

Petitioner argues that his 19-month detention is "unreasonable and indefinite" in violation of the Fifth Amendment's Due Process Clause. Doc. 4. The Court agrees.

The Petition presents a similar, although not identical, set of circumstances to this Court's recent decision in *Khil v. Mullin*, No. 1:26-CV-00986-KG-KRS, 2026 WL 2427977 (D.N.M. Aug. 19, 2026). In *Khil*, the Court analyzed a substantive due process claim and concluded that Mr. Khil's confinement for 19 months, pending an appeal to the BIA, was a violation of his substantive due process rights. *Id.* at *2–4. The Court ordered the Government provide Mr. Khil with a bond hearing. *Id.* at *4. Here, Petitioner appealed the denial of his request for asylum to the BIA and DHS has detained Petitioner for a total of 19 months. Doc. 9-6. The Court concludes that Mr. Khil and Petitioner's matters are factually and legally similar. Accordingly, the Court adopts the applicable substantive due process analysis and reasoning set forth in *Khil* here. 2026 WL 2427977 at *2–4 (concluding arriving aliens have Fifth Amendment substantive due process rights and those rights may be violated if detention becomes punitive).

Respondents have not met their burden to show that Petitioner's detention is non-punitive or otherwise justified. *See id.* at *3 ("Thus, § 1225 authorizes prolonged mandatory detention only where the Government provides a "special justification" for detention that "outweighs the individual's constitutionally protected interest in avoiding physical restraint.") (quoting *Zadvydas*, 533 U.S. at 690).; *see generally* Doc. 6. The continued delay in completing

[1]The Court uses the term "arriving alien" to refer to the class of noncitizens detained at the border. 8 C.F.R. § 1.2.

deportation proceedings infringes on Petitioner's liberty interest in being free from arbitrary detention. *See, e.g.*, *Mardanpour v. Warden*, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *6 (D.N.M. Apr. 9, 2026) (concluding that petitioner's 14-month detention violated due process); *Mbaku v. Mullin,* No. 1:26-CV-00078-SMD-JMR, 2026 WL 1959355, at *5 (D.N.M. July 7, 2026) (noting 18-month detention violated due process). Petitioner's prolonged detention violates his substantive due process right to be free from arbitrary physical restraint.

***C. The proper remedy is a bond hearing.***

The Court will order Respondents to provide Petitioner an individualized bond hearing before a neutral immigration judge. While Respondents have a strong interest in enforcing immigration laws, their "interest in detaining noncitizens absent a rational reason for doing so is low." *Mendibaev v. Lyons*, No. 1:25-CV-01308-DHU-GBW, 2026 WL 917457, at *7 (D.N.M. Apr. 4, 2026). The Court recognizes that providing Petitioner a bond hearing necessarily entails an "administrative burden[ ]." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). But "[c]ourts generally have found that the cost of providing a bond hearing is relatively minimal." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-CV-00998-EPG-HC, 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025) (citing cases). The Court similarly concludes that an individualized bond hearing is a minor burden to Respondents. It will not interfere with the "sovereign prerogative...to decide which [noncitizens] to admit." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). Additionally, pre-removal detention is still at issue because Petitioner's appeal regarding his order of removal remains pending. *See* 8 C.F.R. § 1241.1. If the order of removal becomes final, this Order will not affect the Respondents' authority to detain Petitioner. *See* § 1231(a).

## *IV. Conclusion*

For the reasons stated herein, the Amended Petition for Writ of Habeas Corpus, Doc. 4, is granted, Petitioner's Notice/Motion to Dismiss, Doc. 13, is denied, Respondents' Motion to Consolidate Cases, Doc. 14, is granted. In addition, Petitioner's Emergency Motion for Temporary Restraining Order, Doc. 10, and Motion for Ruling on Petition for Writ of Habeas Corpus, Doc. 12, are denied as moot.

1. Within 14 days of this Order, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge.
2. At the hearing, Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community.
3. If a bond hearing is not provided within 14 days, Petitioner shall be released under appropriate conditions of supervision.
4. Respondents shall file a status report in 21 days to certify compliance with this order.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.